IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EDWARD JAMES NORWOOD                                                                           PLAINTIFF

v.                                            4:20-cv-01177-JM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody, Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Edward James Norwood, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income.  Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was fifty-four years old at the time of the administrative hearing.  (Tr. 36.)  He is a high school graduate, (*id.*), and has past relevant work as a cement mason and construction worker.  (Tr. 22.)  Mr. Norwood has a strong work history.

The ALJ[1] first found Mr. Norwood had not engaged in substantial gainful activity since November 18, 2006 - the alleged onset date.  (Tr. 14.) The ALJ next determined that Mr. Norwood has "severe" impairments in the form of "lower extremity (LE) fracture, status-post operation; left shoulder rotator cuff tear, post-operative; post-traumatic stress disorder (PTSD); and depression."  (*Id.*)  However, the ALJ found he did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 14-

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

16.) The ALJ determined Mr. Norwood had the residual functional capacity (RFC) to perform a reduced range of light work given his physical and mental impairments. (Tr. 16.) Based on this RFC, the ALJ determined Mr. Norwood could no longer perform his past relevant work. So, the ALJ called on a vocational expert to help determine if other jobs existed that Mr. Norwood could perform despite his impairments. (Tr. 73-76.) Based in part on the vocational expert's testimony, the ALJ concluded Plaintiff could perform the jobs of garment sorter and router. (Tr. 23-24.) Accordingly, the ALJ determined Mr. Norwood was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

In support of his Complaint, Plaintiff argues that the ALJ erred in finding that his mental impairments did not meet Listing 12.04. (Doc. No. 16 at 21-24.)

Listing 12.04 states:

12.04 *Affective Disorders:* Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
A. Medically documented persistence, either continuous or intermittent, of one of the following:
1. Depressive syndrome characterized by at least four of the following:
    a. Anhedonia or pervasive loss of interest in almost all activities; or
    b. Appetite disturbance with change in weight; or
    c. Sleep disturbance; or
    d. Psychomotor agitation or retardation; or
    e. Decreased energy; or
    f. Feelings of guilt or worthlessness; or
    g. Difficulty concentrating or thinking; or
    h. Thoughts of suicide; or
I. Hallucinations, delusions or paranoid thinking; or
2. Manic syndrome characterized by at least three of the following:
    a. Hyperactivity; or

    b. Pressure of speech; or
    c. Flight of ideas; or
    d. Inflated self-esteem; or
    e. Decreased need for sleep; or
    f. Easy distractibility; or
    g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
    h. Hallucinations, delusions or paranoid thinking;
  or
3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);
AND
B. Resulting in at least two of the following:
   1. Marked restriction of activities of daily living; or
   2. Marked difficulties in maintaining social functioning; or
   3. Marked difficulties in maintaining concentration, persistence, or pace; or
   4. Repeated episodes of decompensation, each of extended duration;
OR
C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
1. Repeated episodes of decompensation, each of extended duration; or
2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpart P, App. 1.

  A claimant has the burden of proving his condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that his impairment matches a listing, that impairment must meet all the specified medical criteria. *Marciniak*, 49 F.3d at 1353.

An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

The ALJ focused on the "B" and "C" criteria of the listing. (Tr. 15-16.) In considering his abilities, the ALJ concluded Plaintiff had only mild to moderate limitations. (*Id.*) The ALJ found that although Plaintiff's PTSD and depression were "severe" impairments, the "B" criteria were not satisfied because the claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation." (Tr. 15.) The ALJ also found that the "C" criteria were not satisfied because the record showed no medically documented history of a chronic depressive disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities. (Tr. 16.)

The ALJ's findings are supported by the evidence of record. First, as the Commissioner states, Plaintiff did not allege a disabling mental impairment when applying for benefits. (Tr. 247, 250.) Second, Plaintiff underwent a Mental Diagnostic Examination and the results of this examination support the ALJ's conclusions. (Tr. 776-782.) Mike Parker, Ph.D., diagnosed Mr. Norwood with major depressive disorder, (Tr. 781), but noted nothing that would indicate Mr. Norwood had even one marked or extreme limitation. (*Id.*)

Plaintiff had the burden of showing his mental impairments resulted in a marked restriction of activities of daily living; marked difficulties in maintaining social functioning; deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner; or repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behavior). By only showing at most moderate limitations Plaintiff has not met either the "B" or "C" criteria of Listing 12.04.

5

Therefore, Plaintiff has failed to show he meets the requirements of the listing.

Although Plaintiff undoubtedly suffers from some level of depression resulting from his tragic work accident, substantial evidence supports the ALJ's determination that he was still capable of performing work-related activities. The ALJ properly focused on Plaintiff's ability to function despite his impairment, rather than focusing on his diagnosis. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992).

Plaintiff also says the ALJ failed to properly evaluate his subjective complaints and properly apply the *Polaski* factors. (Doc. No. 16 at 24-28.) The ALJ analyzed Plaintiff's symptoms in light of Social Security Ruling 16-3p. (Tr. 16-22.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

The ALJ considered Plaintiff's subjective symptoms and concluded, "The weight of substantial evidence in this claim supports a conclusion that while the claimant has had a history of LE fracture, status-post operation; left shoulder rotator cuff tear, postoperative; PTSD; and depression, the overall nature and severity of the claimant's impairments has not been as severe, debilitating and/or as resistant to improvement with medical treatment intervention as alleged by the claimant."  (Tr. 22.)  After careful review, I find the ALJ thoroughly evaluated Plaintiff's subjective allegations.

The most compelling evidence in support of the ALJ's assessment comes by way of the Functional Capacity Evaluation (Tr. 1280-1295) and consultative physical examination (Tr. 1474-1482).  This evidence strongly supports the ALJ's conclusion that Plaintiff is capable of performing a reduced range of light work.  After undergoing the Functional Capacity Evaluation, Plaintiff's evaluators stated, "Overall, Mr. Norwood demonstrated the ability to perform work in the MEDIUM classification of work as defined by the US Dept. of Labor's guidelines over the course of a normal workday with limitations as noted above."  (Tr. 1281.)  I recognize Joshua Page, M.D. found greater limitation when he concluded that Mr. Norwood ". . . should be able to sit, walk, stand and lift/carry objects up to 10 lbs for a partial workday. . . ." (Tr. 1477.)  But Dr. Page's examination revealed nothing to support an allegation of complete disability and is fairly consistent with the ALJ's overall RFC assessment.

Plaintiff clearly suffers from some limitation given the combination of his impairments.  However, the objective medical records simply fail to support a claim of *complete disability*.  The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of light work.  Accordingly, I find no basis to overturn the

ALJ's subjective symptom evaluation or residual functional capacity assessment.

Plaintiff has advanced other arguments which I have considered and find to be without merit. I agree with the Commissioner that, without an error in the RFC assessment, Plaintiff's remaining arguments provide no basis to overturn the ALJ's decision.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

I am sympathetic to Plaintiff's claims. He is a hard worker who had the misfortune of being in a terrible work accident. He is unable to continue working in construction, but the overall evidence supports a conclusion that Mr. Norwood should be able to make a transition to other work in the economy. It is the hope of the Court that Mr. Norwood is able to make that transition and continue working for his own benefit and the benefit of a future employer. Plaintiff's counsel is commended for advocating for Plaintiff's rights in this case.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 15th day of September 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE